STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-261

KEVIN MILLIEN,

    Plaintiff

v.

COLBY COLLEGE, *et al.*,

    Defendants

**JUDGMENT**

This matter comes before the court for a bench trial without jury on the plaintiff's complaint alleging breach of contract. The court has fully considered all of the testimonial and other evidence presented at trial, and the written submissions by counsel for the parties. While the court finds that there is a contractual relationship between the plaintiff and the college, that contract is not found exclusively in the student handbook at issue and the defendants did not breach the contract.

### Facts

The plaintiff is a 22 year-old senior at Colby College.[1] In August of 2002, the plaintiff was accused of a sexual assault or contact involving a fellow student. As a result of these accusations, the plaintiff was placed under an administrative restraining order and ultimately lost a prestigious scholarship which had enabled him to attend Colby.

The plaintiff was advised of the complaint by the victim (who will be known as KU), and decided to contest her version of what had occurred. The plaintiff does not contest that there was sexual activity between himself and KU, but insists that this

---

[1] At the time of trial, the plaintiff was anticipating graduation from Colby in a few weeks. Although he now very likely has graduated, that does not moot his suit against the school in light of the possible future effects upon him of the decision in question.

activity was consensual. In mid-September, 2002, there was a Dean's Hearing Board hearing on the allegations. Under Colby's disciplinary system, most complaints go to hearing before the Judicial Board. Decisions of the Judicial Board may be appealed to the Appeals Board; a process which is set forth in the student handbook. However, some cases of a particularly sensitive or delicate nature, such as alleged sexual assaults, are heard instead by the Dean's Hearing Board. This Board is a smaller group comprised primarily of representatives of college administration. Neither the existence of nor the procedures for the Dean's Hearing Board are contained in the student handbook. Specifically, there is no mention in the handbook, or anywhere else in writing, of any right to appeal from the Dean's Hearing Board to the Appeals Board.

After hearing, the Dean's Hearing Board found that the plaintiff was not responsible for a sexual assault on KU. Dean of Students Kassman advised both the plaintiff and KU of this result and also advised KU that she had the right to appeal that decision to the Appeals Board and that she had a right to assistance from a victim advocate available in such cases. Dean Kassman cautioned the plaintiff about KU's right to appeal. The plaintiff asked about legal representation, but was informed that no legal representation would be provided for him unless he wished to retain his own counsel.

KU did appeal the Dean's Hearing Board decision to the Appeals Board. A subcommittee of the Board reviewed KU's written appeal and decided that she would be entitled to a *de novo* hearing before the Appeals Board. Neither KU nor the plaintiff was personally consulted by the subcommittee prior to making this decision. Different reasons have been expressed as to why the subcommittee made this decision, including composition of the Dean's Hearing Board, mediation attempts during the Hearing Board procedure and new evidence. After hearing on October 17, 2002, the Appeals

2

Board determined that the sexual activity between the plaintiff and KU was not consensual and that the plaintiff was responsible for sexual assault. The plaintiff then attempted to appeal this decision by writing to the President of the college with a request that he reverse the decision of the Appeals Board. This request was denied. In late December, 2002, the plaintiff brought the present action alleging that various aspects of the proceedings violated a contractual relationship between himself and the college.

## Discussion

Before discussing the merits of the plaintiff's claim, it is important to realize that the disciplinary processes at Colby College are not judicial processes in the sense that those trained in the law might expect. As Dean Kassman stated, they do not claim to be a court, or as attorney Crouter testified, the college does not want the process to become a "judicial side show." This is important because the plaintiff's claim comes to the court not as an appeal from the ultimate decision of the college, but as a breach of contract action, apparently the only alternative. Therefore, it is beyond the jurisdiction of this court and beyond the scope of the complaint to determine which of the Boards was correct on the question of whether the sexual activity was consensual. Instead, the plaintiff asked the court to find that there is a contractual relationship between the parties, that certain aspects of the procedure used – specifically the appeal of the Dean's Hearing Board decision – breach that contract and, as a remedy, that the Dean's Hearing Board decision be reinstated as the final decision.[2]

---

[2] The plaintiff does not seek any monetary damages against the college. Although he was disciplined, the plaintiff was allowed to complete his education and receive his degree. In addition, the college administration assisted the plaintiff in obtaining financial resources to replace the scholarship which he lost as the result of the finding of responsibility.

With regard to the first issue, our Law Court has not addressed the question of whether there is a contractual relationship between a college and its students. However, the discussion of the Federal District Court for the District of Maine in *Goodman v. Bowdoin College*, 135 F.Supp.2d 40, 54 (D. Me. 2001), is helpful in this regard and has convinced this court that such a contractual relationship probably exists. This does not mean that any contract between the plaintiff and Colby is necessarily contained within or limited to the contents of the student handbook. As the defendants point out, on page ii of the Handbook it is stated:

> The reader should take notice that while every effort is made to ensure the accuracy of the information contained herein, Colby College reserves the right to make changes at any time without prior notice. The College provides the information herein solely for the convenience of the reader and, to the extent permissible by law, expressly disclaims any liability which may otherwise be incurred.

This language is not typical contract language. As a result, while the handbook may tell something of the contractual relationship, it is not a binding contract per se.

The plaintiff's primary contractual argument is that the student handbook says nothing about a right of appeal from a Dean's Hearing Board to the Appeals Board and, therefore, allowing KU such an appeal breached the contract. In fact, the absence of reference to the Dean's Hearing Board in the student handbook is further evidence that the handbook is not exclusive, since there is no question that Dean's Hearing Boards have been in existence since 1981 and are specifically assigned as the forum to hear allegations of sexual assaults. The court gives great deference to the testimony of Dean Kassman concerning the existence and interpretation of the college's own disciplinary processes. In short, the fact that the Dean's Hearing Board is not mentioned in the handbook and there is no provision concerning appeal to the Appeals Board does not make such appeal a breach of the generalcontractual relationship.

4

To the extent that there is a contractual relationship between the college and its students with regard to disciplinary proceedings, the school's responsibility would be to provide a process which meets common standards of fair play, meets the student's reasonable expectations and provides fundamental fairness. The college is in a difficult situation in this regard since it has this same contractual relationship with all students – both victims and accused – and must provide fundamental fairness to all when both parties are students. While certain aspects of the Colby process differ from those applied in court, this does not make them unfair or wrong. The Colby procedure provides for notifying the accused of the nature of the accusations, a hearing before a impartial body with an opportunity to present evidence and state one's position, and a right to appeal. In the present case there were actually two hearings and the plaintiff's problem is that the decision after the last hearing did not go in his favor. However, this was not a breach of the basic contract.

The plaintiff also suggests that he should have been notified so that he could participate in the Appeals Board Subcommittee Decision on whether to conduct an appellate hearing. However, the court finds no contractual provision that requires such notice, nor is it fundamentally unfair for the Subcommittee to make basically a procedural decision without such input.

The plaintiff also suggests that it was unfair that KU should have the advantage of a victim advocate (who happened to have been trained in the law), while no attorney was appointed to assist him. Again, this is perhaps different from what one would expect in a courtroom setting, but that does not make it fundamentally unfair or a breach of contract.

Finally, the plaintiff argues that the Appeals Hearing Board refused to let him use as evidence some inconsistent statements made by KU. This argument

5

is asking the court essentially to conduct an appellate review of the decision, which is beyond this court's jurisdiction as explained above.

For the reasons stated, the entry will be:

Judgment for the defendants on all counts.

Dated: August 14, 2003

S. Kirk Studstrup
Justice, Superior Court

KEVIN MILLIEN  - PLAINTIFF
7596 MAYFLOWER HILL
WATERVILLE ME 04901
Attorney for: KEVIN MILLIEN
M MICHAELA MURPHY
JABAR BATTEN RINGER & MURPHY
ONE CENTER STREET
WATERVILLE ME 04901-5495


vs
ROBERT ADAMS  - DEFENDANT
MAYFLOWER HILL
WATERVILLE ME 04901
Attorney for: ROBERT ADAMS
MELISSA HEWEY
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081


COLBY COLLEGE - DEFENDANT

Attorney for: COLBY COLLEGE
MELISSA HEWEY
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2002-00261


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: GENERAL INJUNCTIVE RELIEF
Filing Date: 12/20/2002

## Docket Events:

12/20/2002 FILING DOCUMENT - COMPLAINT FILED ON 12/20/2002

12/20/2002 Party(s):  KEVIN MILLIEN
          ATTORNEY - RETAINED ENTERED ON 12/20/2002
          Plaintiff's Attorney: M MICHAELA MURPHY

12/20/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/20/2002
          Plaintiff's Attorney:  M MICHAELA MURPHY
          MAILED TO ATTY. OF RECORD.

12/20/2002 Party(s):  COLBY COLLEGE,ROBERT ADAMS
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/20/2002

12/20/2002 Party(s):  KEVIN MILLIEN
          MOTION - MOTION PRELIMINARY INJUNCTION FILED ON 12/20/2002
          Plaintiff's Attorney:  M MICHAELA MURPHY
          MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION, MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
          FOR ISSUANCE OF PELIMINARY INJUNCTION, AFFIDAVIT OF PLAINTIFF IN SUPPORT OF MOTION FOR
          ISSUANCE OF PRELIMINARY INJUNCTION, PROPOSED NOTICE OF HEARING (ATTACHED EXHIBITS 1-8)

01/13/2003 Party(s):  COLBY COLLEGE,ROBERT ADAMS